UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE MARTINEZ, ASHLEY DOWMAN, and ANGEL LIVINGSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED NATURAL FOODS WEST, INC., a foreign profit corporation; UNITED NATURAL FOODS, INC., a foreign profit corporation; UNFI DISTRIBUTION COMPANY, LLC, a foreign limited liability company; UNFI WHOLESALE, INC., a foreign profit corporation; UNFI GROCERS DISTRIBUTION, INC., a foreign profit corporation; CENTRALIA HOLDINGS, LLC, a foreign limited liability company, and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Removed from King County Superior Court (Case No. 26-2-20311-3 KNT)<br><br>[28. U.S.C. §§ 1332(a), 1441, 1446, and 1453] |

**TO: THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO: PLAINTIFF AND HIS ATTORNEYS OF RECORD:**



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**PLEASE TAKE NOTICE** that Defendants United Natural Foods, Inc., United Natural Foods West, Inc., UNFI Distribution Company, LLC, UNFI Wholesale, Inc., UNFI Grocers Distribution, Inc., and Centralia Holdings, LLC, (collectively, "UNFI") by and through their counsel of record, remove the above-titled action to this Court from the Superior Court of the State of Washington in the County of King, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimal diversity exists under the Class Action Fairness Act and the amount in controversy exceeds $5 million. UNFI will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

1. On June 24, 2026, Plaintiffs Jose Martinez, Ashley Dowman, and Angel Livingston ("Plaintiffs") filed an unverified putative class action complaint against Defendants United Natural Foods, Inc., United Natural Foods West, Inc., UNFI Distribution Company, LLC, UNFI Wholesale, Inc., UNFI Grocers Distribution, Inc., and Centralia Holdings, LLC, (collectively, "UNFI") in the Superior Court of the State of Washington for the County of King, in the matter entitled *Jose Martinez v. United Natural Foods, Inc., et al.*, Case No. 26-2-20311-3 KNT, a true and correct copy of which is attached as **Exhibit A** (the "Complaint").

2. On June 25, 2026, Plaintiffs used a process server to serve the registered agent for Defendant United Natural Foods West, Inc. On June 26, 2026, Plaintiffs used a process server to serve the registered agents for the remaining Defendants.

3. In the Complaint, Plaintiffs assert claims on behalf of the following putative class (the "Class"):

> All current and former Washington employees of United Natural Foods West, Inc.; United Natural Foods, Inc.; UNFI Distribution Company, LLC; UNFI Wholesale, Inc.; UNFI Grocers Distribution, Inc.; or Centralia Holdings, LLC who earned less than twice the applicable minimum hourly wage from June 24, 2023, through the date of Certification of the Class.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Compl. ¶ 41. On behalf of themselves and the putative Class, Plaintiffs assert a single cause of action for violation of the Washington Industrial Welfare Act (RCW) 49.62.070. *See generally*, Compl.

4. UNFI has calculated the amount in controversy as set forth below. UNFI denies that it violated any laws with respect to Plaintiffs or the putative class members, or that they are entitled to any relief. UNFI reserves the right to provide additional calculations if Plaintiffs' theories change.

## II. REMOVAL IS TIMELY

5. Plaintiffs served the registered agent for Defendant United Natural Foods West, Inc. on June 25, 2026 and served the registered agent for the remaining Defendants on June 26, 2025. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of the summons and complaint).

6. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

7. This lawsuit is a putative class action.[1] Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) minimal diversity of citizenship exists between at least one putative class member and at least one Defendant; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although UNFI denies Plaintiffs' factual

[1] UNFI denies and reserves the right to contest Plaintiffs' contention that this action can properly proceed as a class action.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

allegations and denies that Plaintiffs—or the class they purport to represent—are entitled to the relief requested in the Complaint, based on Plaintiffs' allegations in the Complaint and Request for Relief, all requirements for jurisdiction under CAFA have been met in this case.

**a. Diversity of Citizenship Exists.**

8. To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

**(1) Plaintiffs are Citizens of Washington.**

9. "A person's state citizenship is determined by their state of domicile . . . ." *Mendoza v. City of Vancouver*, 269 F. Supp. 3d 1087, 1110 (W.D. Wash. 2017), *aff'd*, 745 F. App'x 768 (9th Cir. 2018) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is an individual's "permanent home, where she resides with the intention to remain" indefinitely. *Kanter*, 265 F.3d at 857. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

10. In their Complaint, Plaintiffs specifically allege that they "reside[ ] in … Washington." Compl. ¶¶ 16-18. Accordingly, on information and belief and based on Plaintiffs' own allegations, Plaintiffs are, and were at the time of filing of the Complaint, citizens of Washington for diversity jurisdiction purposes. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'").

**(2) Defendant United Natural Foods, Inc. Is a Citizen of Delaware and Rhode Island.**

11. Defendant United Natural Foods, Inc. is a citizen of Delaware and Rhode Island. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meeting[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

12. Defendant United Natural Foods, Inc. is a corporation organized under the laws of the State of Delaware. United Natural Foods, Inc.'s principal place of business is located in Rhode Island. Almost all of United Natural Foods, Inc.'s corporate officers regularly work from, and travel to, Rhode Island to attend board meetings and presentations. United Natural Foods, Inc.'s corporate executives make corporate-level decisions to direct, control, and coordinate United Natural Foods, Inc. and its subsidiaries' activities at our Rhode Island-based headquarters. United Natural Foods, Inc. is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington. Thus, United Natural Foods, Inc. is a citizen of Delaware and Rhode Island, and not Washington, for purposes of determining diversity under CAFA.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**(3) United Natural Foods West, Inc. Is a Citizen of California and Rhode Island.**

13. Defendant United Natural Food West, Inc. is a corporation organized under the laws of the State of California. United Natural Foods West, Inc. maintains its corporate headquarters in Providence, Rhode Island and its President is based in Rhode Island. Thus, its principal place of business is in Providence, Rhode Island. United Natural Foods West, Inc. is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington. Accordingly, United Natural Foods West, Inc. is a citizen of California and Rhode Island, and not Washington, for purposes of determining diversity under CAFA.

**(4) UNFI Wholesale, Inc. Is a Citizen of Delaware and Minnesota.**

14. Defendant UNFI Wholesale, Inc. is a corporation organized under the laws of the State of Delaware. UNFI Wholesale, Inc.'s principal place of business is located in Hopkins, Minnesota, where its Vice President and Assistant Secretary are located. Thus, its principal place of business is in Hopkins, Minnesota. UNFI Wholesale, Inc. is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington. Accordingly, UNFI Wholesale, Inc. is a citizen of Delaware and Minnesota, and not Washington, for purposes of determining diversity under CAFA.

**(5) UNFI Grocers Distribution, Inc. Is a Citizen of California and Minnesota.**

15. Defendant UNFI Grocers Distribution, Inc. is a corporation organized under the laws of the State of California. UNFI Grocers Distribution, Inc. maintains its corporate headquarters in Hopkins, Minnesota, where its executive officers are located. Thus, its principal place of business is in Hopkins, Minnesota. UNFI Grocers Distribution, Inc. is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington. Accordingly, UNFI Grocers Distribution, Inc. is a citizen



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

of California and Minnesota, and not Washington, for purposes of determining diversity under CAFA.

**(6) Defendant UNFI Distribution Company, LLC Is a Citizen of Delaware and Minnesota.**

16. Defendant UNFI Distribution Company, LLC is a citizen of Delaware and Minnesota. Although in traditional diversity cases, LLCs are treated like partnerships and are considered citizens of every state of which their members are citizens, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), "CAFA instructs courts to determine an LLC's citizenship, as an unincorporated association, based on its principal place of business and State of organization." *Hurt v. SH Grp. Hotels & Residence U.S. LLC*, No. 2:24-CV-08840 MWC (ASX), 2024 WL 5244725, at *2 (C.D. Cal. Dec. 30, 2024); *see also Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021).[2]

17. UNFI Distribution Company, LLC is a corporation organized under the laws of the State of Delaware. UNFI Distribution Company, LLC's principal place of business and corporate headquarters is in Hopkins, Minnesota where its Vice President and Assistant Secretary is located. *Id.* UNFI Distribution Company, LLC is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington. Thus, UNFI Distribution Company, LLC is a citizen of Delaware and Minnesota, and not Washington, for purposes of determining diversity under CAFA.

**(7) Defendant Centralia Holdings, LLC Is a Citizen of Delaware and Minnesota.**

18. Defendant Centralia Holdings, LLC is a corporation organized under the laws of the State of Delaware. Its principal place of business and corporate headquarters is in Hopkins,

[2] Even if the Court were to decline to follow its sister courts in the Ninth Circuit, each defendant LLC is wholly owned by UNFI Wholesale, Inc., a citizen of Delaware and Minnesota. Under this alternative, UNFI Distribution Company, LLC and Centralia Holdings, LLC still would not be treated as citizens of Washington, but instead as citizens of Delaware and Minnesota.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Minnesota where its Vice President and Assistant Secretary is based. Centralia Holdings, LLC is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington. Thus, Centralia Holdings, LLC is a citizen of Delaware and Minnesota, and not Washington, for purposes of determining diversity under CAFA.

**b. The Putative Class Has More Than 100 Members.**

19. CAFA's requirement that proposed class membership be no less than 100 members (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

20. Plaintiffs assert claims on behalf of a putative Class comprised of "All current and former Washington employees of United Natural Foods West, Inc.; United Natural Foods, Inc.; UNFI Distribution Company, LLC; UNFI Wholesale, Inc.; UNFI Grocers Distribution, Inc.; or Centralia Holdings, LLC who earned less than twice the applicable minimum hourly wage from June 24, 2023, through the date of Certification of the Class." Compl. ¶ 41. At least 1,000 employees have worked for any of the Defendants in Washington from June 24, 2023 to date, who earned less than twice the applicable minimum hourly wage. Thus, the putative Class contains more than 100 members.

**c. The Amount in Controversy Exceeds $5,000,000.[3]**

21. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). When a plaintiff does not expressly plead a specific amount

[3] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. UNFI refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. UNFI maintains that each of Plaintiffs' claims lack merit and that UNFI is not liable to Plaintiffs or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [UNFI's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, UNFI denies that this case is suitable for class treatment.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

22. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an 'inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy' for purposes of CAFA removal).

23. The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint-much of which it presumably disagrees with-to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."). The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

24. The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42. As the United States Supreme Court has advised, "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

25. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x. 646, 648 (9th Cir. March 8, 2012). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

26. Although UNFI denies Plaintiffs' factual allegations and denies that they—or the putative Class they seek to represent—are entitled to the relief for which Plaintiffs have prayed, Plaintiffs' allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6), for the reasons explained below.

**(1) Plaintiffs' First Claim for Violation of RCW 49.62.070 Puts at Least $5,000,000 in Controversy.**

27. Plaintiffs allege that "Plaintiffs and Class members earned less than twice the applicable state minimum wage from Defendants." Compl. ¶ 53. Plaintiff further alleges that "Defendants restricted, restrained, or prohibited Plaintiffs and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed" in violation of RCW 49.62.070. *Id.* ¶ 54. Based on this purported violation, "Plaintiffs and Class members each seek $5,000 in statutory damages[.]" *Id.* ¶ 57.[4]

28. Plaintiffs contend that, under RCW 49.62.080, if Defendants are found to have violated RCW 49.62.070, then they "must pay the aggrieved person the greater of his or her actual damages or a statutory penalty of five thousand dollars, plus reasonable attorneys' fees, expenses, and costs incurred in the proceeding." Accordingly, Plaintiffs contend that Defendants should be required to pay $5,000 in statutory damages to each putative class member.

29. Based on Defendants' records, there are more than 1,000 members of the putative Class as defined in the Complaint.

30. Accordingly, Defendants' conservative calculation of the amount in controversy for Plaintiffs' claim for violation of RCV 42.62.070, based on the allegations in the Complaint, is

[4] Plaintiffs also seek to recover attorneys' fees. Compl. ¶ 57. Though not analyzed here, the request for attorneys' fees further increases the amount in controversy.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

over **$5,000,000** [$5,000 x 1,000 putative class members]. The computation is based on the express allegations of Plaintiffs' complaint. *See* Compl. ¶¶ 53-57.

**d. CAFA Exceptions to Removal Do Not Apply.**

31. CAFA's "home-state" and "local controversy" exceptions to do not apply to this removal.

32. First, under the "home state" exception, courts decline jurisdiction if: (1) two-thirds or more of the members of all proposed plaintiff classes in the aggregate and (2) the primary defendant are citizens of the state where the class action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B). The "home state" exception applies only when all "primary defendants" are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) ("[Home state] test requires that all 'primary defendants' be residents of the same state in which the action is filed."). Here, none of the Defendants are citizens of Washington, the state where this action was originally filed, and so the home state exception to CAFA removal does not apply.

33. Second, the "local controversy" exception to CAFA jurisdiction also does not apply. The "local controversy" exception applies if: (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the class action was originally filed; (2) at least one defendant is a defendant (a) from whom significant relief is sought by members of the plaintiff class; (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (c) who is a citizen of the state in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. *See* 28 U.S.C. § 1332(d)(4)(A). Once again, this exception is not met for the simple fact that none of the Defendants are citizens of Washington.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

34. For these reasons, neither the "home state" exception nor the "local controversy" exception applies. Because each of CAFA's requirements are satisfied and no exception applies, removal is appropriate.

**III. <u>VENUE</u>**

35. This action was originally filed in the Washington Superior Court for the County of King. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

**IV. <u>NOTICE</u>**

36. UNFI will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

37. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon UNFI as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as exhibits hereto.

**V. <u>CONCLUSION</u>**

38. Based on the foregoing, UNFI requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, UNFI respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal, as well as jurisdictional discovery.

DATED: July 15, 2026.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA #46754
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this date, I served true and correct copies of the following documents upon all counsel who have appeared in the action in the manner indicated below:

1. Notice of Removal and accompanying exhibits;
2. Verification of State Court Records;
3. Defendants' Corporate Disclosure Statement; and
4. Notice of Filing of Notice of Removal.

| | |
|---|---|
| **EMERY \| REDDY, PC**<br>Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>Hannah M. Hamley, WSBA No. 59020<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: (206) 442-9106<br>Email: emeryt@emeryreddy.com<br>reddyp@emeryreddy.com<br>paul@emeryreddy.com<br>hannah@emeryreddy.com<br><br>*Counsel for Plaintiffs* | ☐ Via Legal Messenger<br>☐ Via First Class Mail<br>☐ Via Facsimile<br>☒ Via Electronic Mail<br>☒ Via CM/ECF |

Dated: July 15, 2026 at Seattle, Washington.

*s/ Emily Fortier*
Emily Fortier, Legal Assistant



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401